**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4633**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DERRICK JAMES ALLISON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:16-cr-00119-MR-DLH-1)

Submitted:  June 21, 2018                              Decided:  June 25, 2018

Before DIAZ and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William D. Auman, AUMAN LAW OFFICES, Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick James Allison pled guilty to possession of a firearm by a convicted felon and was sentenced to 70 months' imprisonment. Allison noted a timely appeal. Counsel for Allison has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Allison received ineffective assistance of counsel when his attorney failed to file a motion to suppress. Neither Allison nor the Government has filed a brief. We affirm.

"Claims of ineffective assistance of counsel may be raised on direct appeal only where the record conclusively establishes ineffective assistance. Otherwise, the proper avenue for such claim is a 28 U.S.C. § 2255 [(2012)] motion filed with the district court." *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010) (internal citation omitted). We find that ineffectiveness does not conclusively appear on the face of the record.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Allison, in writing, of the right to petition the Supreme Court of the United States for further review. If Allison requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Allison. We dispense with oral

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*